**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**LATIA S. JONES**

        **Plaintiff,**

                                                    Case No.  07-2110-JWL-DJW

**vs.**

**THE WET SEAL RETAIL, INC.**
**and ERMC II, L.P.,**

        **Defendants.**

## PROTECTIVE ORDER

Pursuant to stipulation of the parties, and for good cause appearing, the Court hereby enters this Protective Order Governing the Use and Dissemination of Confidential Material ("Protective Order") obtained from the Defendants. The Court hereby orders as follows:

**A.**     **Facts:**

Plaintiff LaTia Jones has brought claims against Defendants for False Imprisonment, Battery, Defamation and Negligence arising out of an incident occurring on July 22, 2006 at Oak Park Mall. In connection with these allegations, Plaintiff intends to seek Defendants' non-public internal policies and procedures that are relevant to the allegations contained in the Complaint. Defendant Wet Seal Retail, Inc. seeks the following agreed upon protective order with respect to the Confidential nature of those documents.

**B.**     **General Provisions:**

    1.     This Protective Order shall apply to all confidential non-public internal policies and procedures obtained from Defendants in the course of this litigation and shall include documents, videos, audios, photographs and recordings.

    2.     This information shall be "confidential" if designated as such by either party. Any

disagreement as to whether such information, material or documents are "confidential" will be resolved by the Court upon motion. Such information will be regarded as "confidential" until the Court rules on the issue.

**C.     Treatment of "Confidential" Information:**

3.      "Confidential" documents, materials and information – including documents, videos, audios, photographs and recordings – shall be disclosed only to:

a.      The above-captioned Court and its personnel;

b.      Counsel of record who are outside counsel in the above-captioned action and clerical, secretarial and paralegal employees of such outside counsel of record who have responsibility for the above-captioned action, and legal copying services employed by outside counsel, to the extent necessary;

c.      Any party, provided that confidential information always remain with counsel;

d.      Consultants, investigators and experts assisting in the preparation and trial of the above-captioned action to the extent reasonably necessary to enable such persons to render such assistance;

e.      A deponent (other than deponents who are consultants, investigators and experts) but only during the course of his or her deposition and/or during the trial of this matter.

f.      A court reporter and a videographer, but only as reasonably necessary to prepare the record of the deposition.

Any confidential documents or other tangible items obtained by any party from the Defendants during the course of this litigation shall not be disclosed to any parties (or their counsel) in any other action hereafter asserted against these Defendants, except pursuant to a valid and enforceable subpoena, and in that event, the subpoenaed party agrees to immediately notify the other parties of the subpoena so that any such party will have an opportunity to oppose the subpoena or negotiate an acceptable confidentiality order with the party who served the subpoena.

4.      If any party wishes to disclose "confidential" material to any person not described

in paragraph 3 of this Protective Order, if such disclosure is not ordered by the Court, the party who wishes to disclose such documents must obtain permission from the Defendants to do so prior to any such disclosure, which permission shall be promptly granted or denied within fourteen (14) days from the receipt of the request.

5. This Protective Order binds all parties and their counsel by its terms. Before counsel may disclose confidential information to any person described in paragraph 3(b)-(d) above, counsel must show this Protective Order to such person and obtain agreement by such person to be bound by its terms.

6. The party seeking to file confidential information with the Court must first file a motion with the Court and be granted leave to file the particular document under seal.

7. Except to the extent expressly authorized in this Protective Order, "confidential" information shall not be used or disclosed for any purposes other than the preparation and trial of this case.

8. In the event that a party obtains possession of two or more identical or substantially identical copies of a document or other information, including but not limited to videos, audios, photographs and recordings, all such identical or substantially identical documents or other information shall be treated as "confidential."

9. If a party intends to use "confidential" documents or information obtained from the Defendants by any other party at a hearing which is open to the public, such party must provide reasonable prior written notice to Defendants, and Defendants will determine in advance of the hearing and negotiate in good faith concerning the procedures to be used during the hearing relating to the use of "confidential" information.

10. Any summary, compilation, notes or copy containing "confidential" documents or information shall be subject to the terms of this Protective Order to the same extent as the document, video, audio, photograph, recording or any other information from which the summary, compilation, notes, copy, electronic image or database derived.

11. Within sixty (60) days after receipt of a request from Defendants, made within one hundred twenty (120) days after the time for all possible appeals in the above-captioned action has expired, all "confidential" documents or information obtained from Defendants, including but not limited to, all videos, audios, photographs and recordings in this action shall be returned to Defendants or, at the sole discretion of Defendants, shall be destroyed. Confirmation of such return and/or destruction shall be made to Defendants.

12. The inadvertent production or disclosure of any documents or information that a party claims to be protected from production or disclosure by any claim to privilege, protection or immunity shall not be a waiver of any claim of privilege, protection or immunity.

13. This Protective Order does not prejudice the right of any party to seek modification of it by the Court. This Protective Order shall remain in effect until such time as it is modified, amended or rescinded by the Court.

14. This Protective Order shall in no way restrict any party from presenting "confidential" information to a jury in this matter.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 9th day of July, 2007.

s/ David J. Waxse  
David J. Waxse  
United States Magistrate Judge

cc:    All counsel and *pro se* parties