IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LATIA JONES,

                Plaintiff,

v.                                                                            07-2110-JWL-DJW

WET SEAL RETAIL, INC., et al.,

                Defendants.

**MEMORANDUM AND ORDER**

This case involves allegations of shoplifting and unlawful detention. Pending before the Court are Plaintiff's first Motion to Amend Complaint (doc. 31) and Plaintiff's second Motion to Amend Complaint (doc. 56). In the first Motion, Plaintiff seeks leave to add a 42 U.S.C. § 1983 civil rights claim for deprivation of her Fourth Amendment right to be free from unlawful seizure. In the second Motion, Plaintiff seeks leave to add a 42 U.S.C. § 1983 civil rights claim for deprivation of her First Amendment right to freedom of speech. Defendants oppose both motions on grounds that the proposed amendments fail to state a claim upon which relief can be granted, and thus are futile. More specifically, Defendant Wet Seal Retail, Inc. d/b/a Arden B ("Arden B") argues the proposed amendments are futile because there are adequate post-deprivation remedies available to Plaintiff in state tort law. Defendant ERMC II ("ERMC") argues the proposed amendments are futile because Plaintiff fails to assert any fact that would support her allegation that Defendant ERMC acted under color of state law. Upon consideration of the arguments presented, and for the reasons set forth below, the Court will deny both Motions.

**Factual and Procedural Background**

Plaintiff is an African-American female. Defendant Arden B operates a retail business at the Oak Park Mall Shopping Center ("Oak Park Mall") in Johnson County, Kansas. Defendant ERMC provides security services at Oak Park Mall.

Plaintiff alleges that on July 22, 2006, Defendants verbally accused plaintiff of stealing and/or shoplifting one or more bracelets from Defendant Arden B's retail store. Plaintiff states she advised Defendants they were mistaken and the jewelry/bracelets they were accusing her of stealing were not Arden B's property but Plaintiff's property purchased on a previous occasion from another retail operation. Plaintiff states she told Defendants that her jewelry did not look like the Arden B jewelry and that if Defendants checked a display jar located at or near the Arden B cash register, the allegedly stolen property would be found.

Plaintiff alleges various Oak Park Mall security guards physically restrained Plaintiff (binding her hands behind her back with handcuffs), physically removed Plaintiff against her will from the public area of the mall, and confined Plaintiff in an isolated office in the mall that was restricted from public access. Plaintiff asserts that one of the security guards who detained her was an off-duty Reserve Police Officer for the City of Overland Park, Kansas ("City"), who was wearing a City police uniform with a City-issued police badge. Plaintiff asserts that during her detention, Defendants advised her that she was going to be arrested by the police and prosecuted for shoplifting. Plaintiff asserts that while being restrained, Defendants made racial slurs as to Plaintiff including numerous references to "white power" and that she was in fear for her physical safety.

After an indeterminate period of time, Plaintiff was advised by Defendants that they had made a mistake and that she would not be arrested or prosecuted for shoplifting. An employee or

agent of Defendants apologized for the mistake. Plaintiff asserts that Defendants, however, continued to restrain her against her will in the secluded office and refused to remove her handcuffs. After another indeterminate period of time, a female Overland Park Police Officer, Deborah Swanson, appeared. Defendants requested Officer Swanson to arrest Plaintiff and charge her with "causing a verbal disturbance." Officer Swanson refused Defendants' request, removed the handcuffs, and released Plaintiff.

On March 9, 2007, Plaintiff filed this lawsuit alleging false imprisonment (Count I), battery (Count II), defamation (Count III), and negligence (Count IV). Based on recently discovered information, Plaintiff now seeks to amend her Complaint to add a 42 U.S.C. § 1983 claim for deprivation of her Fourth Amendment right to be free from unlawful seizure and for deprivation of her First Amendment right to freedom of speech. As noted above, Defendants oppose the amendment on grounds of futility.

## Legal Standards

**A.     Standard for Ruling on a Motion to Amend**

Leave to amend "shall be freely given when justice so requires."[1] The Supreme Court has emphasized that "this mandate is to be heeded."[2] Leave to amend is a matter committed to the court's sound discretion and is not to be denied without the court giving some reason or cause on the record.[3] Leave to amend should be denied only when the court finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments

---

[1] Fed. R. Civ. P. 15(a).

[2] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[3] *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

previously allowed, or futility of amendment."[4]  In exercising its discretion, the court must be mindful that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities.[5]

**B.     Futility Standard**

A court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted.[6]  In order to determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[7]

The court will dismiss for failure to state a claim only when "it appears beyond a doubt that the [party] can prove no set of facts in support of his claims which would entitle him to relief,"[8] or when an issue of law is dispositive.[9]  The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the claimant.[10]  The issue in resolving a motion such as this is "not whether the claimant

---

[4]*Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).

[5]*Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989).

[6]*Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *Stewart v. Bd. of Comm'rs for Shawnee County*, 216 F.R.D. 662, 664 (D. Kan. 2003).

[7]*Sheldon v. Vermonty,* 204 F.R.D. 679, 682 (D. Kan. 2001).

[8]*Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

[9]*Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

[10]*Smith v. Plati,* 258 F.3d 1167, 1174 (10th Cir. 2001).

will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[11]

## Discussion

Defendant Arden B argues that Plaintiff's proposed section 1983 amendments fail to state a claim, and thus are futile, because there are adequate post-deprivation remedies available to Plaintiff. Defendant ERMC argues the proposed amendments fail to state a claim against ERMC, and thus are futile, because Plaintiff fails to assert any fact that would support her allegation that Defendant ERMC acted under color of state law.

### A. Futility based on Adequate Post-Deprivation Remedies

Arden B asserts that in order to survive a motion to dismiss on a 42 U.S.C. § 1983 due process claim, Plaintiff must allege a deprivation of civil rights without due process of law.[12] With regard to this assertion, Arden B maintains that if the alleged deprivation is caused by a random act for which *prior* due process is impracticable, an adequate *post*-deprivation remedy provides sufficient due process.[13] Arden B states that, in this case, Plaintiff's Complaint includes tort actions for false imprisonment, battery, and defamation against Arden B, and that these Kansas tort actions provide an adequate post-deprivation remedy sufficient to satisfy the requirement of due process under the Fourteenth Amendment.[14] As such, Arden B argues Plaintiff has not been deprived of due process under the Fourteenth Amendment and thus cannot maintain a section 1983 action.

---

[11]*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002) (citation omitted).

[12]Defendant Arden B's Memorandum in Opposition at p.2 (doc. 36) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 (1981)).

[13]*Id.* (citing *Alvarado v. City of Dodge City*, 708 P.2d 174, 179 (Kan. 1985)).

[14]*Id.*

The Court is not persuaded by Arden B's argument. "[O]verlapping state remedies are generally irrelevant to the question of the existence of a cause of action under section 1983."[15] Instead, availability of section 1983 relief turns on the nature of the constitutional claim and the type of Fourteenth Amendment interest that is implicated."[16]

State remedies are only relevant when a section 1983 action is brought for a violation of *procedural due process*.[17] "In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law."[18] As such, "[t]he constitutional violation actionable under section 1983 is not complete when the deprivation occurs; [in fact,] it is not complete unless and until the State fails to provide due process."[19]

> [T]o determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate. This inquiry would examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law.[20]

On the other hand, in a section 1983 action based on violation of a *substantive constitutional*

---

[15]*Zinermon v. Burch*, 494 U.S. 113, 124 (1990).

[16]*Daniels v. Williams*, 474 U.S. 327, 337 (Stevens, J., concurring).

[17]*See Zinermon*, 494 U.S. at 125-26; *Daniels*, 474 U.S. at 337 (Stevens, J., concurring).

[18]*See Zinermon*, at 125-26 (citing *Parratt*, 451 U.S. at 537; *Carey v. Piphus*, 435 U.S. 247, 259 (1978) ("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property."))

[19]*Id.* at 126.

[20]*Id.*

6

*right*, the constitutional violation is complete as soon as the prohibited action is taken.[21] The fairness of the procedures is not at issue. Thus, regardless of the existence of state law remedies, a plaintiff may invoke section 1983 "to compensate him for the deprivation of these rights."[22] Accordingly, where a plaintiff asserts civil rights violations under section 1983 based upon a substantive constitutional right, he or she may pursue section 1983 remedies, notwithstanding the fact that state tort remedies may be available.

Given the applicable law, Arden B's reliance on the Kansas Supreme Court case of *Alvarado v. City of Dodge City*[23] is misplaced. In *Alvarado*, the constitutional claim at issue was one of procedural due process.[24] Because it was procedural due process that was at issue, the *Alvarado* court held that Kansas tort actions for false imprisonment, battery, and defamation provide an adequate post-deprivation remedy sufficient to satisfy the requirements of due process under the Fourteenth Amendment. Unlike *Alvarado*, Plaintiff's proposed section 1983 action in this case is based solely on a violation of Plaintiff's substantive Fourth Amendment right to be free from unlawful seizure and her First Amendment right to freedom of speech. Because it is a substantive constitutional right at issue, and not an alleged violation of procedural due process, the Court finds the availability of state tort remedies, in and of itself, is insufficient to defeat the proposed section 1983 claim.

---

[21]*Daniels*, 474 U.S. at 338 (Stevens, J., concurring); *Zinermon*, 494 U.S. at 125.

[22]*Zinermon*, 494 U.S. at 125.

[23]708 P.2d 174, 179 (Kan. 1985).

[24]*Id.*

**B.     Futility based on Color of State Law**

Regardless of availability of state law remedies, ERMC argues Plaintiff's proposed section 1983 claims must fail because ERMC is not a state actor and did not operate under color of state law, which is a jurisdictional requisite for a section 1983 action.[25]  For the reasons stated below, the Court agrees.  And, although Arden B did not make this "no color of state law" jurisdictional argument in its papers, the Court addresses the issue *sua sponte* as it relates to Arden B and makes a similar finding.[26]

The appropriate starting place for a discussion of whether conduct occurs under color of state law is section 1983, which provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom or usage . . . subjects or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.[27]

The purpose of section 1983 is to deter state actors from using their positional authority to deprive individuals of their constitutionally guaranteed rights and to provide a remedy to victims if such deterrence fails.[28]  To prevail on a section 1983 claim, a plaintiff must prove that a person acting under the color of state law deprived her of a right secured by the Constitution or laws of the

---

[25]*Polk County v. Dodson*, 454 U.S. 312, 315 (1981); *Pino v. Higgs*, 75 F.3d 1461, 1464 (10th Cir. 1996).

[26]*See* Fed. R. Civ. P. 12(h)(3) ("[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"); *United States ex rel. King v. Hillcrest Health Ctr., Inc.*, 264 F.3d 1271, 1281-82 (10th Cir. 2001).

[27]42 U.S.C. § 1983.

[28]*Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

United States.[29]  Accordingly, "the only proper defendants in a section 1983 claim are those who represent [the state] in some capacity, whether they act in accordance with their authority or misuse it."[30]

The United States Supreme Court and the Tenth Circuit utilize four different tests to determine whether challenged conduct occurs under color of state law.[31]  Private conduct that is not "fairly attributable" to the State under these tests is not actionable under section 1983, no matter how wrongful the conduct.[32]  Under these tests, an individual does not act under color of law merely by reporting an alleged crime to police officers; nor does the making of a citizen's arrest constitute acting under color of state law.[33]  Applying this principle to a retail setting, the Tenth Circuit also has held that, as a general rule, merchants are not considered to be acting under color of law for purposes of section 1983 when they detain a person suspected of shoplifting or other crimes, call the

---

[29]*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

[30]*Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (citations and quotations omitted).

[31]These tests are known as (1) the nexus test, (2) the symbiotic relationship test, (3) the joint activity test, and (4) the public function test. *See Gallagher*, 49 F.3d at 1447.

[32]*Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *see also D.T. ex rel. M.T. v. Independent School Dist. No. 16*, 894 F.2d 1176, 1186 (10th Cir.), *cert. denied*, 498 U.S. 879 (1990).

[33]*Jones v. Wal-Mart Stores*, No. 93-5240, 1994 WL 387887, at *3 (10th Cir. July 27, 1994) (citing *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983); *Carey v. Cont'l Airlines*, 823 F.2d 1402, 1404 (10th Cir. 1987); *Lee v. Town of Estes Park, Colo.*, 820 F.2d 1112, 1114-15 (10th Cir. 1097)).

police, or make a citizen's arrest.[34]

The Court has reviewed Plaintiff's proposed Second Amended Complaint to determine whether it sufficiently alleges facts showing ERMC or Arden B acted under the color of state law as required by 42 U.S.C. § 1983. The following paragraphs within Plaintiff's two section 1983 claims refer generally to state action:

- Paragraphs 32 and 40:     Defendants' conduct was subject to 42 U.S.C. § 1983.

- Paragraphs 34 and 42:     Defendants acted under color of state law.

- Paragraphs 35 and 45:     While acting under color of state law, Defendants deprived plaintiff of federal constitutional rights, including her rights to freedom, liberty and freedom of speech.

The factual allegations of Plaintiff's proposed Second Amended Complaint, incorporated by reference, include the following assertions against Defendants: Plaintiff was detained by various Oak Park Mall security guards, one of which was an off-duty Reserve Police Officer for the City of Overland Park, Kansas ("City"), who was wearing a City police uniform with a City-issued police badge. The security guards physically restrained Plaintiff (binding her hands behind her back with handcuffs), physically removed Plaintiff against her will from the public area of the mall, and confined Plaintiff in an isolated office in the mall that was restricted from public access. During her detention, the security guards advised her that she was going to be arrested by the police and prosecuted for shoplifting.

After an indeterminate period of time, Plaintiff was advised by Defendants that they had

---

[34]*Id.* (citing *Gramenos v. Jewel Cos.*, 797 F.2d 432, 435-36 (7th Cir. 1986), *cert. denied*, 481 U.S. 1028 (1987); *Cruz v. Donnelly*, 727 F.2d 79, 81 (3d Cir. 1984); *White v. Scrivner Corp.*, 594 F.2d 140, 142-43 (5th Cir. 1979); *Hurt v. G.C. Murphy Co.*, 624 F. Supp. 512, 514 (S.D. W. Va.), *aff'd*, 800 F.2d 260 (4th Cir. 1986); *cf., Flagg Bros. v. Brooks*, 436 U.S. 149, 165-66 (1978); *Carey*, 823 F.2d. at 1404).

made a mistake and that she would not be arrested or prosecuted for shoplifting. An employee or agent of Defendants apologized for the mistake. Notwithstanding acknowledgment of the mistake, Defendants continued to restrain her against her will in the secluded office and refused to remove her handcuffs. After another indeterminate period of time, City police officer Deborah Swanson then arrived. The security guards requested Officer Swanson arrest Plaintiff and charge her with "causing a verbal disturbance." Officer Swanson refused this request, removed the handcuffs, and released Plaintiff. No charges were filed against Plaintiff.

Construing Plaintiff's proposed pleading liberally, the Court finds nothing in Plaintiff's Second Amended Complaint sufficiently alleges that ERMC or Arden B engaged in acts under color of state law. Alleging that ERMC or Arden B called the police in light of suspected shoplifting is insufficient to constitute state action.[35] Similarly, an allegation that one of the security guards who detained Plaintiff was an off-duty Overland Park Police Officer wearing a City police uniform with a City-issued police badge is insufficient to deem such an individual to be acting under color of state law.[36] Finally, no acts taken by Overland Park police officer Deborah Swanson when she arrived at the scene reveal prior collusion with Defendants or compliance with any requests by the Defendants, let alone joint action. Thus, even if everything alleged in the proposed Second Amended Complaint is true, Plaintiff fails to state a claim under section 1983 against ERMC or Arden B.

Because there are no facts in Plaintiff's proposed Second Amended Complaint that can be

---

[35] *Wood v. City of Topeka*, 01-4016-SAC, 2003 WL 21289983, at *4 (D. Kan. May 23, 2003).

[36] Whether an off-duty police officer acts under the color of state law depends upon "the nature of the act performed, not the clothing of the actor or even the status of being on duty." *Swiecicki v. Delgado*, 463 F.3d 489, 496 (6th Cir. 2006) (quoting *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001)).

11

construed to allege that ERMC or Arden B engaged in acts under color of state law, the Court concludes that Plaintiff fails to state a claim under 42 U.S.C. § 1983. Accordingly, Plaintiff's First Motion to Amend Complaint (doc. 31) and Plaintiff's Second Motion to Amend Complaint (doc. 56) are both denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 31st day of October, 2007.

                                            s/ David J. Waxse
                                            David J. Waxse
                                            United States Magistrate Judge

cc:    All counsel and *pro se* parties