IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LATIA JONES,

        Plaintiff,

v.                                  07-2110-JWL-DJW

WET SEAL RETAIL, INC., et al.,

        Defendants.

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion to Compel Defendant ERMC II ("ERMC") to produce documents (doc. 41) and Plaintiff's Motion to Compel Defendant Wet Seal Retail, Inc. d/b/a Arden B ("Arden B") to produce documents (doc. 44). For the reasons stated below, both of Plaintiff's Motions will be granted.

**Background**

Defendant Arden B operates a retail business at the Oak Park Mall Shopping Center ("Oak Park Mall") in Johnson County, Kansas. Defendant ERMC provides security services at Oak Park Mall. This case involves allegations of shoplifting against Plaintiff and unlawful detention of Plaintiff in an incident occurring at Oak Park Mall on July 22, 2006.

On March 9, 2007, Plaintiff filed this lawsuit alleging false imprisonment, battery, defamation, and negligence with regard to the July 22, 2006 Oak Park Mall incident. During the course of discovery, Plaintiff served on Defendants her First Request for Production of Documents, which included

• a request that ERMC provide the complete personnel files of Paul McCann, Jim Alfano, Nick Sotherby, Andrew Springer and Don Franklin; and

• a request that Arden B provide the complete personnel files of Katie Paprota and Mary Nelson.

Both Defendants object to producing the requested personnel files on grounds that (1) the files are not relevant to the claims or defenses in this lawsuit, and (2) the files are confidential. In response to this objection, Plaintiff agreed to narrow the scope of the request to the referenced personnel files "with all financial/income and health/medical records excluded therefrom, including social security numbers." Both Defendants have continued to object to the narrowed request and, as a result, Plaintiff filed this Motion to Compel.[1]

## Discussion

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[2] Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[3] Consequently, a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on

---

[1]Plaintiff also sought to compel Defendant Arden B to produce written and electronic documents that relate to the July 22, 2006 incident. The parties have indicated in their briefing, however, that this particular issue has been resolved without Court intervention.

[2]Fed. R. Civ. P. 26(b)(1).

[3]*Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 649, 652 (D. Kan. 2004); *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001).

the claim or defense of a party.[4] The question of relevancy naturally "is to be more loosely construed at the discovery stage than at the trial."[5] A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence.[6]

**A.     Relevancy of Personnel Files**

"[M]erely because a person may be called as a witness at trial does not justify disclosure of his/her personnel file."[7] With that said, "an individual's personnel file has been held to be relevant and/or reasonably calculated to lead to the discovery of admissible evidence, and therefore discoverable, in this district if the individual is alleged to have engaged in the retaliation or discrimination at issue or to have played an important role in the decision or incident that gives rise to the law suit."[8] Courts in the District of Kansas consistently have applied this rule in employment

---

[4]*Cardenas v. Dorel Juvenile Group, Inc,* 232 F.R.D. 377, 382 (D. Kan. 2005).

[5]*Mundy v. Indian Hills Country Club*, No. 06-2268-KHV, 2007 WL 852619, at *5 (D. Kan. Mar. 16, 2007) (quoting 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2008 at 99 (2d ed. 1994)).

[6]*Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996).

[7]*Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 698 (D. Kan. 2007) (citing *Williams v. Bd. of County Comm'rs*, No. 98-2485, 2000 WL 823909, at *5 (D. Kan. June 21, 2000)).

[8]*Id.* (citing *Oglesby v. Hy-Vee, Inc.*, No. 04-2440, 2005 WL 857036, at *1 (D. Kan. April 13, 2005)).

discrimination and civil rights cases, as well as other circumstances.[9]

Here, Defendants do not dispute that Paul McCann, Jim Alfano, Nick Sotherby, Andrew Springer and Don Franklin were security guards employed by ERMC on July 22, 2006, and that each of the referenced guards were involved in the Oak Park Mall incident that is the subject of Plaintiff's claims in this lawsuit. Neither do Defendants dispute that Katie Paprota and Mary Nelson were employees of Arden B on July 22, 2006, and that both Paprota and Nelson were involved in the Oak Park Mall incident that is the subject of Plaintiff's claims in this lawsuit. To that end, the Court finds the documents requested by Plaintiff are personnel files of those individuals she alleges were involved either directly or indirectly in the "incident that gives rise to the suit." Accordingly, the Court finds the personnel files are relevant and discoverable.

---

[9]See *Moss*, 241 F.R.D. at 698 (in FMLA case, court held personnel files of individuals involved directly or indirectly in decision to terminate employee were relevant and discoverable); *Barnes v. Akal Sec., Inc.*, No. 04-1350, 2005 WL 3359717, at *5 (D. Kan. Dec. 9, 2005) (in FLSA case, personnel files of those directly or indirectly involved in decision to deny plaintiffs proper overtime pay were relevant); *Oglesby v. Hy-Vee, Inc.*, 2005 WL 857036, at *1 (age discrimination action in which court compelled production of personnel file where witness had personal knowledge of events leading to plaintiff's termination); *Van Deelen v. Shawnee Mission Sch. Dist. # 512*, No. Civ. A. 03-2018-CM, 2003 WL 22849185, at *2 (D. Kan. Nov. 24, 2003) (section 1983 case in which court compelled production of personnel file of defendant employee who allegedly retaliated against plaintiff); *Fox-Martin v. H.J. Heinz Operations*, No. 02-4121-JAR, 2003 WL 23139105, at *1 (D. Kan. Dec.19, 2003) (Title VII action in which court compelled production of personnel files of employees who either played important roles in the employment decisions or allegedly participated in or witnessed the hostile work environment); *EEOC v. Kan. City S. Ry.*, No. 99-2512-GTV, 2000 WL 33675756, at *3 (D. Kan. Oct. 2, 2000) (Title VII action in which court compelled production of personnel file of supervisor who made decision to terminate plaintiff's employment); *Beach v. City of Olathe, Kan.*, No. 99-2210-GTV, 2000 WL 960808, at *2-3 (D. Kan. Jul. 6, 2000) (section 1983 case in which court compelled production of personnel file of police officer alleged to be the driving force behind retaliatory action); *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 687-88 (D. Kan. 2000) (section 1981 public accommodations case in which court compelled production of personnel files of employees alleged to have witnessed or participated in the claimed discrimination); *Daneshvar v. Graphic Tech., Inc.*, No. 97-2304-JWL, 1998 WL 726091, at *5 (D. Kan. Oct. 9, 1998) (Title VII case in which court compelled production of personnel files of three "key witnesses" who "played important roles in the employment decisions affecting plaintiff").

**B.     Confidentiality of Personnel Files**

Defendants also object to production of the personnel files on grounds that the files are confidential. This objection will be overruled because, as this Court previously has held, "a concern for protecting confidentiality does not equate to privilege."[10]  With that said, a party may request the court enter a protective order pursuant to Fed. R. Civ. P. 26(c) as a means to protect such confidential information. Under the circumstances presented here, the Court finds that entry of such a protective order will appropriately safeguard any potential for harm associated with disclosure of the personnel files. Accordingly, the Court hereby orders the parties to limit their use of personnel files and the information contained therein to purposes directly related to this litigation and prohibits the parties from disclosing this information to anyone outside this litigation.[11]

For the reasons stated above, Plaintiff's Motion to Compel Defendant ERMC to produce documents (doc. 41) and Plaintiff's Motion to Compel Defendant Arden B to produce documents (doc. 44) are both granted.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 31st day of October, 2007.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

---

[10]*DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 682 (D. Kan. 2004) (citing *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 642 (D. Kan. 2004)).

[11]Although a Stipulated Protective Order was filed in this case on July 9, 2007 (doc. 30), the protection was limited to "confidential non-public internal policies and procedures obtained from Defendants in the course of this litigation" and did not include protection of personnel files produced.

5

cc: All counsel and *pro se* parties